UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| ERIC L. MYERS JR., Plaintiff, | ) | |
| v. | ) | No. 3:26-CV-502-TAV-JEM |
| WARDEN BRIAN ELLERS, JANE DOE, and JOHN DOE, Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a Tennessee Department of Correction ("TDOC") prisoner housed in the Northeast Correctional Complex ("NECX"), filed a pro se complaint for violation of 42 U.S.C. § 1983 alleging that Defendants did not provide him with medical care after his fall from a top bunk [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, Plaintiff's *in forma pauperis* motion [Doc. 1] will be **GRANTED**, and Plaintiff will have 30 days to file an amended complaint.

## I. FILING FEE

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] that he cannot pay the filing fee in a lump sum. Accordingly, this motion [Doc. 1] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's

inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee collection procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum opinion and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory

language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B. Allegations**

Plaintiff's complaint alleges that, due to a lack of intercoms in the NECX cells, it took the John Doe Defendants 45 minutes to respond to his fall from the top bunk, at which point the John Doe Defendants "observed [Plaintiff] on the floor, yelling for medical attention" [Doc. 2, p. 3]. Moreover, after the John Doe Defendants came to Plaintiff's cell, they "became aggressive and argumentative in tone[] and denied Plaintiff medical attention" [*Id.*]. Other inmates then took Plaintiff to the medical unit, where Defendant Jane Doe told "denied [Plaintiff] access to medical attention" and told him that a fall from a top bunk was not an emergency [*Id.* at 4]. Plaintiff subsequently "filed numerous medical request[s]" but has not received medical attention [*Id.*].

According to Plaintiff, Defendant NECX Warden Eller is responsible for the lack of intercoms and top bunk ladders in NECX cells [*Id.*]. Plaintiff also states that he still has pain in his left leg due to his underlying fall [*Id.*].

Plaintiff has sued the John Does, Jane Doe, and NECX Warden Eller [*Id.* at 1–3]. Plaintiff seeks injunctive and monetary relief [*Id.* at 6–8].

### C. Analysis

#### 1. Official Capacity Claims

First, to the extent that Plaintiff has sued Defendants in their official capacities, any such claims are actually against the TDOC and/or the State of Tennessee. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). But neither the TDOC nor the State of Tennessee is an entity subject to suit under § 1983. *Hix v. Tenn. Dep't of Corrs.*, 196 F. App'x 350, 355 (6th Cir. 2006); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) (providing that "a State is not a person within the meaning of § 1983"). Accordingly, any claims against Defendants in their official capacities are **DISMISSED**.

#### 2. Individual Capacity Claims

To state a claim against an individual Defendant in his individual capacity, the complaint must plausibly allege that a Defendant was personally involved in a violation of Plaintiff's constitutional rights. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted); *Iqbal*, 556 U.S. at 663 (holding that, to state a plausible claim for violation of § 1983, "a

plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

### a. Defendant Warden Eller

Plaintiff's claims against Warden Eller regarding the lack of intercoms and ladders in the NECX cells implicate the Eighth Amendment's prohibition against "cruel and unusual punishment[,]" which "places duties" on prison officials.[1] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). One such duty requires prison officials to "take reasonable measures to guarantee the safety of" prisoners. *Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). To state a plausible claim for violation of this right against Warden Eller in his individual capacity, Plaintiff must set forth facts indicating that Warden Eller knew of and disregarded a substantial risk of serious harm to him. *Wilson v. Williams*, 961 F.3d 829, 840 (6th Cir. 2020) (providing that a prisoner's Eighth Amendment claim requires him to show "that he is incarcerated under conditions posing a substantial risk of serious harm" that the defendant was aware of and disregarded) (quoting *Farmer*, 511 U.S. at 832, 834, 837). No facts in Plaintiff's complaint plausibly suggest that Warden Eller was aware that the lack of intercoms and ladders in NECX cells posed a substantial risk of harm to Plaintiff or prisoners as a whole but deliberately ignored that risk.

Accordingly, Warden Eller is **DISMISSED**.

---

[1] It appears likely from the fact that Plaintiff is a TDOC prisoner that he is a convicted inmate protected by the Eighth Amendment, rather than a pretrial detainee protected by the Fourteenth Amendment. The distinction is immaterial to the Court's analysis of Plaintiff's claims, however, as he must meet the same deliberate indifference standard under either constitutional provision. *Poynter v. Shirley*, --- F.4th ---, 2026 WL 2641092, at * 2–3, 16 (6th Cir. Sep. 8, 2026).

### b. Doe Defendants

Plaintiff's remaining claims allege that the John Doe Defendants failed to obtain medical care for him despite finding him on his cell floor yelling for medical help, and that Defendant Jane Doe also did not provide Plaintiff medical care when he came to the medical unit but instead told Plaintiff that a fall from a top bunk was not an emergency.[2] However, Plaintiff's allegations regarding these incidents are conclusory and do not include facts from which the Court can plausibly infer what, if anything, the Doe Defendants observed about his injuries at the time of these incidents. As such, the Court cannot plausibly infer that any Doe Defendant may be liable under § 1983 for failing to provide Plaintiff medical care after his fall. *Sanderfer v. Nichols*, 62 F.3d 151, 154–55 (6th Cir. 1995) (finding provider possibly negligent but not deliberately indifferent when unaware of prisoner's serious heart condition).

Additionally, even if the Court could plausibly infer from the complaint allegations that the Doe Defendants violated Plaintiff's under § 1983, summonses cannot issue as to these unnamed individuals until Plaintiff has identified them. *Dunn v. Paducah Int'l Raceway*, 599 F. Supp. 612, 613 n. 1 (W.D. Ky. 1984) (providing that "until an amendment adding additional defendants has been permitted by the court," allegations against an unknown defendant "are merely 'surplusage'") (citation omitted).

[2] As set forth above, Plaintiff also alleges in his complaint that he has also filed medical requests but has not received any medical care in response [Doc. 2, p. 4]. But Plaintiff does not seek to hold any Defendant liable for this allegation, so the Court does not otherwise address it.

Accordingly, the Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint, and the Court will allow Plaintiff 30 days from the date of entry of this order to file an amended complaint with a short and plain statement of facts setting forth each alleged violation of his constitutional rights and naming the individual(s) responsible. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding that "[u]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint . . .").

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum opinion and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Defendant Warden Eller is **DISMISSED**;

6. The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint;

7. Plaintiff has thirty (30) days from the date of entry of this order to file a single amended complaint with a short and plain statement of facts setting forth each alleged violation of his constitutional rights and naming the individual(s) responsible;

8. Plaintiff is **NOTIFIED** that any amended complaint he files will completely replace the previous complaint;

9. Plaintiff is also **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and to follow the orders of this Court; and

10. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE